UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

        Petitioner,

    v.                                 Case No. 23-C-1523

ERIC SEVERSON, et al.,

        Respondents.

## ORDER VACATING PREVIOUS DISMISSAL OF FAILURE TO PAY FILING FEE AND DISMISSING PETITION AT SCREENING FOR LACK OF JURISDICTION AND FAILING TO EXHAUST STATE COURT REMEDIES

Petitioner John D. Puchner is serving a sentence in the Waukesha County Jail for contempt of court arising out of a family court action pending in that county. On November 13, 2023, Puchner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his current custody is in violation of his rights under the United States Constitution. On January 2, 2024, the court issued an order dismissing the case without prejudice based on Puchner's apparent failure to pay the filing fee, submit a certified copy of his trust account statement, or provide an explanation for his failure to do so, as he was repeatedly ordered to do. Dkt. No. 16. Judgment was entered the same day. Dkt. No. 17. Puchner's $5 filing fee was received the following day along with a motion to reopen his case, wherein Puchner claims that he had paid the filing fee some time before his deadline, but the payment was never docketed, or a receipt issued. Dkt. No. 18 at 1. Although Puchner's explanation conflicts with the version provided by the Clerk's office, it is clear that the $5.00 fee has now been paid and the court will therefore vacate the January 2, 2024 Order of Dismissal and proceed with the screening of his petition.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which also applies to cases brought under § 2241. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006). Rule 4 reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Puchner's petition, which appears to be the fifteenth petition seeking federal relief from state court proceedings over the past twenty-five years and his eleventh in the past five years, alleges that he is currently an inmate in the Waukesha County Jail. Dkt. No. 1, ¶ 2. He names Eric Severson, the Waukesha County Sheriff, as a respondent. However, he also identifies Judge Maxwell, the circuit court judge who presided over his divorce, and four other judges of this court as respondents in an apparent attempt at judge shopping. Because Severson is the person having custody over Puchner, he is the only proper respondent. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). All other individuals named as respondents are therefore dismissed.

Puchner alleges in his petition that "I am a political prisoner in jail solely because I fight political corruption in government. The defendants wrongly believe I violated state court order and am in contempt." *Id.*, ¶ 4. The petition further alleges: "Hon Greisbach [sic] wrote orders 400 days ago saying my incarceration was illegal." *Id.* ¶ 5. The latter allegation is apparently a reference to an order I entered on September 29, 2022, dismissing one of the many previous petitions Puchner filed. In that order, I noted that Puchner was found in contempt in Waukesha

2

County Case No. 2019FA89 and ordered to serve consecutive sentences amounting to 24 months and 14 days in the Waukesha County Jail with Huber privileges. Case No. 2:22-cv-00891, Dkt. No. 6-1 at 3–5. The state court's Contempt Order was entered on March 28, 2022, but stayed until July 26, 2022. *Id.* at 11, Dkt. No. 36.

I dismissed Puchner's petition in that case without prejudice for failing to exhaust his state court remedies and declined to issue a certificate of appealability. At the same time, I noted my concern that the state trial court had confused criminal and civil contempt and used its authority to ultimately impose what it characterized as consecutive sentences totaling more than two years in jail without affording Puchner the right to a trial by jury and the other constitutionally required procedural protections. *See* U.S. Const. Amend VI, XIV; Wis. Stat. § 785.03(1)(b). Noting that Puchner's failure to exhaust his state court remedies barred this court from granting relief, I nevertheless urged that the state courts carefully review Puchner's claims. *Id.* at 4. The Court of Appeals likewise denied Puchner's request for a certificate of appealability. Dkt. No. 58.

Puchner's current petition seems to assert only claims relating to his divorce and not the contempt order that accounts for his current incarceration. His claim seems to be that the state court judge violated his constitutional rights by granting the divorce after numerous delays while he claimed to be hospitalized for a heart attack. Dkt. Nos. 1, ¶¶ 6, 13; 1-1. Even if true, these allegations are not cognizable in a federal proceeding for habeas corpus. It is not the judgment of divorce that landed Puchner in the Waukesha County Jail.

To the extent Puchner does intend to challenge the sentences he is still serving for contempt, which are cognizable in a federal habeas proceeding, the case remains largely unchanged from the last time it was before me. On August 3, 2022, Puchner filed a notice of appeal from the contempt order entered in his family court action. Since then, Puchner has filed

multiple petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this district, asserting practically identical allegations to challenge his current custody in addition to the previous case assigned to me. *See Puchner v. Severson*, No. 22-cv-1229-PP, Dkt. No. 14 at 13 (E.D. Wis. Dec. 29, 2022) ("Judge Joseph was correct to recommend that, because the petitioner already has challenged his incarceration in the case before Judge Griesbach and that case has not been finally resolved, he cannot simultaneously challenge that incarceration in this case."); *Puchner v. Waukesha Cnty. Jail*, No. 23-cv-00505-BHL, Dkt. No. 32 at 3 (E.D. Wis. Aug. 1, 2023) ("In fact, Puchner appears to have advanced no further than he had the last time this Court dismissed one of his habeas petitions on exhaustion grounds."); *Puchner v. Severson*, No. 23-cv-1335-LA, Dkt. No. 9 at 2 (E.D. Wis. Oct. 26, 2023) (same). While Judge Pepper dismissed Puchner's case because his appeal in my earlier case was pending before the Seventh Circuit, his other previous petitions were dismissed for the same reason this court dismissed Case No. 22-cv-0000891: failure to exhaust state court remedies. Both Judge Ludwig and Judge Adelman denied Puchner a certificate of appealability. The Court of Appeals denied a certificate of appealability in No. 23-cv-505 on November 29, 2023, but Puchner's appeal in Case No. 23-cv-1335 remains pending.

In this most recent petition, Puchner claims that he does not need to exhaust his state court remedies for the relief sought in his petition because his petition seeks relief under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. Unlike § 2254, he notes, § 2241 does not by its plain terms require exhaustion of state court remedies. But several of Puchner's previous petitions were also filed under § 2241. It is the substance of the action, not the label, that determines which statute controls. Section 2254 applies to an "application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). As Judge Pepper noted in her decision dismissing one of Puchner's previous petitions, "the court construes the petitioner's

4

Case 2:23-cv-01523-WCG    Filed 01/08/24    Page 4 of 7    Document 19

pleading as a habeas petition filed under 28 U.S.C. §2254 because the petitioner is 'in custody pursuant to the judgment of a State court.'" 28 U.S.C. §2254(a). *See Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997) (holding that the petitioner in this case was "in custody" for the purposes of §2254 when he was serving a remedial contempt sentence for failure to pay child support)." Case No. 22-cv-1229, Dkt. No. 14 at 13–14. Thus, the mandatory exhaustion requirement in § 2254(b)(1)(A) applies.

Even if the case was not governed by § 2254, the result would be the same. "While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973)). Puchner has not plausibly alleged that Wisconsin's appellate courts would not afford relief if in fact the sentences for contempt are in violation of his constitutional rights.

In an effort to show he has attempted to exhaust his state court remedies, Puchner claims to have appealed his sentence in the Waukesha County Jail for civil contempt a total of twenty-six times. Dkt. No. 1 at 3. But most of his appeals have involved collateral issues. Out of the multiple appeals he has filed in state court, the appeal in which he is challenging the contempt order remains pending in the Wisconsin Court of Appeals. *Puchner v. Puchner*, Case No. 2022AP1318. As of the last docket entry in that case, Puchner must file a statement on transcripts by a date to be determined by a future order from the Wisconsin Court of Appeals. *Id.* Thus, based on the current status of that appeal, he has yet to fully and properly exhaust the state court remedies available to him. He has not provided the State's appellate courts a full and fair opportunity to evaluate his

claim. Puchner blames the delays on the state courts, but as Judge Ludwig suggested in dismissing one of Puchner's previous petitions, he is his own worst enemy:

> His habit of filing unnecessary papers has only prolonged the litigation and delayed resolution of his claims. Indeed, his tactic of trying to overwhelm his adversary (and the court) with additional filings has carried over into this federal case. And as this Court previously warned him, such filings do not help his cause; they simply distract from the real issues at hand. All the tangential appeals in the world will not get Puchner any closer to habeas relief. Only completion of the appeal he commenced on August 3, 2022 can do that. Unfortunately, he has chosen to stay that appeal while he pursues others irrelevant to the habeas case that he wants to bring in federal court.

Case No. 2:23-cv-00505, Dkt. No. 32 at 3–4.

Entirely apart from this analysis, however, Puchner's current petition must be dismissed because his appeal challenging Judge Adelman's denial of his identical petition remains pending in the Court of Appeals. A dismissal of a habeas petition for failure to exhaust is without prejudice. Puchner can therefore refile his petition but only after he has exhausted his state court remedies. He cannot appeal such a dismissal and simply refile the same petition over and over again while his appeal remains pending. An appeal generally divests the district court of jurisdiction over the matter until such time as the Court of Appeals has rendered its decision. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). The fact that Puchner has refiled his habeas petition as a separate action does not change the result. His petition must be dismissed for lack of jurisdiction while his appeal in Case No. 23-cv-1335 remains pending and his state court remedies remain unexhausted.

For these reasons, the court's initial dismissal order and judgment (Dkt. Nos. 16 and 17) are **VACATED**.  Puchner's motion to reopen the case (Dkt. No. 18) is **GRANTED**.  Puchner's petition for writ of habeas corpus is **DISMISSED without prejudice** for lack of jurisdiction and based on Puchner's failure to exhaust state court remedies.  Puchner's motion for multiple orders for relief (Dkt. No. 3), motion for emergency hearing and to remove counsel (Dkt. No. 11), and emergency motion for a furlough and a hearing (Dkt. No. 14) are **DENIED as moot**.  The Clerk is directed to enter judgment accordingly.  A certificate of appealability is **DENIED** because the court concludes that reasonable jurists would not find it debatable whether the court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED** at Green Bay, Wisconsin this 8th day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge