UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

        Petitioner,

    v.                                        Case No. 23-C-1523

ERIC SEVERSON, et al.,

        Respondents.

## ORDER DENYING MOTION TO REOPEN CASE

      Petitioner John D. Puchner, who is currently serving a state sentence for contempt of court arising out of a family court action, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being held in custody in the Waukesha County Jail in violation of his constitutional rights. This petition, one of many Puchner has filed in the district, was filed on November 13, 2023. On January 8, 2024, in a decision that recounts in more detail the facts and circumstances regarding Puchner's multiple efforts to obtain federal relief, the court dismissed the case without prejudice for failure to exhaust state court remedies and declined to issue a certificate of appealability. Dkt. No. 36. Puchner appealed and the Court of Appeals for the Seventh Circuit entered a final order denying his application for a certificate of appealability on April 17, 2024. *See* Dkt. No. 37-1.

      On May 17, 2024, Puchner filed a document that lists in the caption the phrases "Emergency Motion," "Coram Nobis," "Incorporating Korematsu 1," and "Stunning New Evidence." Like many of Puchner's previous filings, his motion is largely unintelligible and seems to go off on irrelevant tangents. Dkt. No. 38. Attached to his motion is an order of the Wisconsin

Court of Appeals summarily denying Puchner's petition for waiver of transcript fees he claims are necessary for one of his multiple appeals arising out of the ongoing family law proceedings between Puchner and his former wife, Mary Lancour. Dkt. No. 38-1. Scribbled across the order are the phrases "I lost" "Finally," "Yeah," "Opens Wide Federal Doors," and "State Rem[edie]s Exhausted." *Id.*

To the extent the motion seeks to reopen this case, it is denied. Puchner's petition in this case was denied without prejudice for failing to exhaust his state court remedies. Finding no substantial showing of the denial of a constitutional right, the Court of Appeals denied further review. If Puchner believes he has now exhausted his state court remedies, he is free to file a new petition for federal relief under 28 U.S.C. § 2254 or any other federal statute and commence a new action. He has offered no grounds to reopen this case.

Puchner fails to cite any procedural rule as the basis for his motion to reopen the case. Accordingly, the court construes Puchner's motion as one under Federal Rule of Civil Procedure 60(b), seeking relief from the court's order and judgment dismissing without prejudice his petition for writ of habeas corpus. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Puchner claims that he has "stunning new evidence," which would seem to fall under Rule 60(b)(2) as grounds to reopen, but the only "new evidence" he cites is the order of the court of appeals denying his motion to waive the costs of a transcript in his underlying divorce action. The court's order is not "new evidence" but is instead a new or more recent development in his ongoing appeals. At most, if the order was as Puchner seems to contend, a final order on his request for state court relief from his contempt sentence, it would mean he is now able to obtain federal review and he could file a new action. It would not constitute grounds to reopen this case, which has now been closed for months.

But it is hard to see the order denying Puchner's motion to waive transcript fees as a state court ruling on the constitutionality of his contempt sentence. It appears from the order that he was seeking a free transcript for an appeal in his divorce proceeding that is separate from the appeal challenging his sentence for contempt. In other words, it appears that Puchner has yet to provide the state courts with a full and fair opportunity to review his claim that his current sentence is in violation of the United States Constitution. This is fatal to his claim for federal relief. The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To do so, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

3

established appellate review process." *Id.* An order denying a request for a transcript in an unrelated appeal does not constitute exhaustion of state court remedies for a claim that one's sentence for contempt is in violation of the United States Constitution.

Moreover, the reason the state court gave for denying Puchner's motion to waive fees for a transcript was that he "wholly fail[ed] to develop any facts or argument showing that his underlying appeal states a claim upon which relief can be granted; indeed, he makes no argument on this point whatsoever." Dkt. No. 38-1 at 3. Even if this was a final order on his claim that his sentence was unconstitutional, the state court's decision clearly rests on adequate and independent state grounds, which federal courts may not review. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014). For this reason, as well, Puchner's motion will be denied.

More than one-and-a-half years ago, this court expressed its view that the circuit court may have confused civil with criminal contempt, and that Puchner may have a valid federal claim. I stated at that time:

> Ultimately, the circuit court imposed multiple sentences totaling more than two years, as opposed to a sanction subject to purge conditions. Dkt. No. 18-1. Sentences are hallmarks of criminal proceedings. To impose such a sentence without the right to a trial by jury and to counsel would seem to clearly violate the Sixth and Fourteenth Amendments. But because Puchner has failed to exhaust his state court remedies, this Court is barred from affording any relief. The state courts are nevertheless urged to carefully review Puchner's claims.

No. 22-CV-891 at 4 (E.D. Wis.). Contrary to Puchner's claims, this was not a conclusion that his custody is illegal. I recognize that questions of what constitutes civil, as opposed to criminal, contempt and what procedural protections are required in civil contempt proceedings in family court matters can be difficult to resolve. *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431 (2011). The court simply highlighted a concern without having the full record before it, fully expecting that the

issue would be promptly reviewed by the state courts. Now, with the sentence almost entirely served, it appears that such review has yet to have occurred.

There are circumstances where a substantial delay in providing state court review render such review unavailable. In *Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021), for example, the court held that a four-year delay under the circumstances of that case warranted a finding that the state court remedies were unavailable. The court briefly summarized the facts of the case before it:

> Wisconsin inmate Marvin Carter has waited four years and counting to challenge his 2017 sentence on direct appeal in state court. Over these four years Carter has weathered a ten-month transcript delay, three different public defenders, and fourteen extension requests by counsel and the trial court itself. At no point during these four years has a single court in Wisconsin ruled on the merits of Carter's colorable challenge to his sentence. None of this is Carter's fault.

*Id.* at 716.

The facts of this case differ from those in *Carter* in several respects, chief of which is the fact that the delay in obtaining review in this case seems to be attributable to Puchner. Quoting from Judge Ludwig's decision in one of Puchner's previous cases filed in this court, I noted in my previous order dismissing his petition in this case that Puchner was his own worst enemy:

> His habit of filing unnecessary papers has only prolonged the litigation and delayed resolution of his claims. Indeed, his tactic of trying to overwhelm his adversary (and the court) with additional filings has carried over into this federal case. And as this Court previously warned him, such filings do not help his cause; they simply distract from the real issues at hand. All the tangential appeals in the world will not get Puchner any closer to habeas relief. Only completion of the appeal he commenced on August 3, 2022 can do that. Unfortunately, he has chosen to stay that appeal while he pursues others irrelevant to the habeas case that he wants to bring in federal court.

Dkt. No. 19 at 6 (quoting Case No. 2:23-CV-505, Dkt. No. 32 at 3–4 (E.D. Wis.)).

More recently, on May 3, 2024, Magistrate Judge Duffin issued a Report and Recommendation in Puchner's newest case, now assigned to Judge Stadtmueller, in which he

seems to have offered the same "new evidence" he asserts here, albeit combined with more scurrilous and nonsensical allegations than those this court has seen. Case No. 24-CV-478 (E.D. Wis.). In that case, Magistrate Judge Duffin concluded that Puchner failed to state a plausible claim for relief in his new petition and ordered him to show cause why he should not be sanctioned for violating Rule 11(c) of the Federal Rules of Civil Procedure. *Id.*, Dkt. No. 6.

In light of this history and on this record, it cannot be said that state court remedies are not available to Puchner. It appears instead that Puchner is more interested in arguing over his divorce and in waging war with the federal and state courts than in pursuing any claim that his current incarceration is unconstitutional. Thus, he states in his motion that "there is the tragic possibility that I will end my sentence soon and my federal claims might become moot." Dkt. No. 38 at ¶ 4. Puchner continues: "I love jail and will stay holding onto my bunk if there is the possibility of that happening. Maintaining my federal claims is far more important that [sic] getting out of the hoosegow [sic]." *Id.* ¶ 5.

Nor does it appear that Puchner lacks the basic knowledge to present his claim to the state courts. It appears he has previously been employed as a medical doctor and a teacher. This is his second divorce in which he has been found in contempt and placed in custody. *See Puchner v. Kruzicki*, 918 F. Supp. 1271 (E.D. Wis. 1996). There is no reason to believe that if he was serious about asserting his claim that his current custody is in violation of his rights under the United States Constitution the courts of the State of Wisconsin would not address such a claim. At least on the record before the court, I am unable to make such a finding. In the event Puchner disagrees, he is free to argue otherwise in his next case.

In sum, I conclude that Puchner's motion to reopen this case (Dkt. No. 38) should be denied. His original petition was properly dismissed for failure to exhaust state court remedies.

He has offered no new evidence suggesting that the court's earlier order of dismissal was in error, nor has he offered any other grounds upon which that order can be vacated. The dismissal was without prejudice. If Puchner believes he has now exhausted those remedies or that they are unavailable, he is free to raise those arguments in his next petition. But that will be a new case.

Puchner's "Amended complaint 3, Motion to add stunning new evidence, motion for a hearing, motion for stay" (Dkt. No. 39) is likewise denied. This case is closed, and Puchner has alleged no facts under Rule 60(b) that suggest he is entitled to relief from the order dismissing his previous petition without prejudice. The Clerk is directed to mail copies of this order to Puchner, the Waukesha County Sheriff, Jail Administrator, and to the branch of the Circuit Court for Waukesha County to which Puchner's family law case, No. 2019FA89, is assigned.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of May, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge